IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS RAMIREZ, JR., <br><br> Plaintiff, <br> v. <br><br> SILGAN CONTAINERS, SILGAN CONTAINERS CORPORATION, SILGAN CONTAINERS MANUFACTURING CORPORATION, SUE ASHLEY, ARNOLD NEIMARK, COMPANY, and DOES 1 through 50, inclusive, <br><br> Defendants. | CIV F 07-0091 AWI DLB <br><br> ORDER ON DEFENDANTS'S MOTION TO DISMISS AND MOTION FOR SANCTIONS AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

Plaintiff Luis Ramirez, Jr. ("Ramirez") filed suit in state court and alleged that Defendants violated the Federal Family and Medical Leave Act (28 U.S.C. § 2601) ("FMLA"), California Fair Employment and Housing Act (California Government Code § 12940) ("FEHA"), the California Family Rights Act (California Government Code § 12945.2) ("CFRA"), and state law wrongful termination in violation of public policy. Defendants removed to this Court on the basis of federal question jurisdiction. Defendant Sue Ashley has not appeared and Defendant Arnold Naimark, erroneously identified as Arnold Neimark, ("Naimark") has filed a motion to dismiss and a request for this Court to issue an order to show cause against Ramirez under Rule 11. Ramirez filed a counter motion for leave to amend his complaint. Naimark's motion to dismiss will be denied as moot and Ramirez's motion to amend will be granted.

# BACKGROUND

From the Complaint, Ramirez was hired and employed by Silgan Containers ("Silgan"),[1] Naimark, and Sue Ashley[2] (collectively "Defendants") for a period of 13 years. See Complaint at ¶ 7. On August 1, 2004, Ramirez was terminated and advised that his termination was due to his physical disabilities and failure to submit documentation establishing his continuing disability. Id. at ¶ 8. Defendants failed to provide notice to Ramirez of his specific rights and obligations relating to disabilities, i.e. medical and the FMLA. Id. According to Ramirez, Defendants failed to provide Ramirez the rights and protections of the CFRA and the FMLA including proper and adequate notice of Ramirez's rights under those laws. Id. at ¶ 12. Ramirez further contends that Defendants intentionally discriminated against him based on a physical and/or medical disability in violation of FEHA and wrongfully terminated him in violation of the California public policies embodied in FEHA, CFRA, and the FMLA, because of his physical and/or medical disability. Id. at ¶¶ 19, 26-27.

On July 20, 2005, Ramirez filed complaints against Defendants with the California Department of Fair Employment and Housing ("DFEH"). Id. at ¶ 9. The three DFEH complaints are attached as exhibits to the Complaint. Silgan, Naimark, and Ashley are identified as persons who discriminated against Ramirez. See Complaint's Exhibit A. Under the "The Particulars Are" section of the complaints, Ramirez filled in that, on August 1, 2004, he was fired,[3] by Defendants, because of his "physical disability" and "medical leave and request for FMLA,"[4] and that the reason given by Sue Ashley was "Failure to submit documentation establishing my

---

[1] There are three "Silgan" entities named: Silgan Containers, Silgan Containers Corporation, and Silgan Containers Manufacturing Corporation. The Court does not know the legal relationship among these entities, but for the convenience of this order, "Silgan" will collectively refer to these three entities.

[2] Sue Ashley is a named defendant, but as of yet has not been served and has not appeared.

[3] Under the "I was" section, there are 17 items that can be marked. Ramirez marked only "fired." "Harassed," "denied accommodation," "denied family or medical leave," and "other (specify)" are not marked or checked. See Complaint's Exhibit A.

[4] Under the "because of my" section of the "Particulars" section are 14 items that can be marked. Ramirez marked "physical disability" and the "other (specify)" items. He did not mark a box that was described as, "(Circle one) filing; Protesting; participating in investigation (retaliation for)." See Complaint's Exhibit A.

continuing disability." Id.  On July 29, 2005, Ramirez received a notice of case closure from DFEH.  Complaint's Exhibit B.

On July 28, 2006, Ramirez filed suit against Defendants in the Stanislaus County Superior Court.  Silgan was served on December 15, 2006, and Naimark was served on January 5, 2007.  Silgan filed an answer in state court on January 16, 2007.  Also on January 16, 2007, but after Silgan filed their answer, Defendants removed the case to this Court.  Naimark has filed a motion to dismiss the claims against him and further requests that this Court issue an order to show cause why sanctions should not be imposed under Rule 11.  Ramirez has filed an opposition and a counter motion for leave to file an amended complaint.

## **RAMIREZ'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

*Plaintiff's Argument*

Ramirez argues that the complaint contains allegations of discrimination under the FMLA, CFRA, and FEHA, and also gives notice of retaliation based on the exercise of protected activity under FEHA and FMLA, failure to accommodate under FEHA, and failure to engage in the interactive process under FEHA.  After additional research, Ramirez wishes to amend his complaint so as to augment and clarify his legal theories, including adding causes of action for retaliation and clarifying that Naimark and Ashley are not being sued for discrimination, rather only Silgan is.  Leave to amend is to be freely given and the grounds for denying requests to amend are absent from this case.

*Defendant's Opposition*

Naimark argues that the proposed amended complaint removes the four causes of action currently alleged against him, adds a claim of retaliation against him, and adds three new claims against Silgan.  Contrary to Ramirez's argument, the Complaint does not put Naimark on notice of a retaliation claim.  The word "retaliation" nowhere appears and the only causes of action that are pled deal with discrimination, wrongful termination, and failure to provide notice of rights.

Further, because Silgan has answered, Ramirez's right to amend as a matter of course or right has terminated.  Although Ramirez has sought leave of court to amend, that leave should be

denied. Naimark would be prejudiced because a successful motion to dismiss would end the case against him, and any new complaint against him would be untimely since Ramirez filed suit one day before the deadline to file suit expired.

Also, the proposed amended complaint differs substantially from the current complaint in that it is more detailed and adds new causes of action. The proposed claim for retaliation does not allege any retaliatory acts, except for an allegation that defendants invoked practices and policies of harming persons, including plaintiff, who exercise their rights under the law. The proposed retaliation claim is thus defective, and leave to amend should not be granted.

As for the three new claims against Silgan, which are the Third, Fourth, and Fifth causes of action in the Proposed Complaint, the retaliation claim (Fifth Cause of Action) suffers the same defect as the claim against Naimark, it is factually void of retaliatory conduct. The remaining two causes of action, failure to accommodate a disability (Third Cause of Action) and failure to engage in the interactive process of accommodation (Fourth Cause of Action) both in violation of FEHA, are defective because Ramirez did not exhaust his administrative remedies. Ramirez's DFEH complaint merely states that he was terminated because of physical disability and medical leave and request for FMLA. An administrative complaint must be filed within one year of the occurrence of the improper conduct. The alleged wrongful conduct occurred before plaintiff's termination in August 2004, and are thus, time barred. Further, plaintiff's failure to identify "denied accommodation" or anything similar on his DFEH complaint is fatal to these new causes of action. Given the failure to follow administrative procedures, allowing these amendments would be futile.[5]

*Legal Standard*

Federal Rule of Civil Procedure 15 in part provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by

---

[5] Naimark and Silgan are represented by the same counsel. In the opposition to Plaintiff's motion/the reply in support of Naimark's motion, defense counsel states that Silgan joins Naimark's opposition to Ramirez's motion for leave to amend. See Court's Docket Doc. No. 18 at 2:16-18.

4

written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. Pro. 15(a).

Thus, a complaint may be amended "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. Pro. 15(a); Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000). An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). "A motion to dismiss is not a 'responsive pleading' within the meaning of Rule 15." Crum, 231 F.3d at 1130 n.3; New v. Armour Pharmaceutical Co., 67 F.3d 716, 722 (9th Cir. 1995); see also Morrison v. Mahoney, 399 F.3d 1042, 1047 (9th Cir. 2005). Thus, where a motion to dismiss is filed instead of an answer, Rule 15(a) allows a plaintiff to amend the original complaint once as a matter of course without the need of obtaining leave of court. Fed. R. Civ. Pro. 15(a); Crum, 231 F.3d at 1130 n.3. Where there are multiple defendants, and some defendants have filed an answer and some defendants have not, the plaintiff may amend the complaint as a matter of course as to the non-answering defendants only. See Williams v. Board of Regents, 477 F.3d 1282, 1291 (11th Cir. 2007); Barksdale v. King, 699 F.2d 744, 747 (5th Cir. 1983); Peralta Cmty. College Dist. v. United Nat'l Ins. Co., 2004 U.S. Dist. LEXIS 20431, *3 n.2 (N.D. Cal. 2004). When a plaintiff who has a right to amend as a matter of course under Rule 15(a) nevertheless petitions the court for leave to amend, the plaintiff's right to amend is not lost and the court is obliged to grant such "unnecessary request[s]." Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988); Stewart v. RCA Corp., 790 F.2d 624, 631 (7th Cir. 1986); Zaidi v. Ehrlich, 732 F.2d 1218, 1220 (5th Cir. 1984).

When a party can no longer amend a pleading as a matter of right under Rule 15(a), the party must either petition the court for leave to amend or obtain consent from the adverse parties. Fed. R. Civ. Pro. 15(a); Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983). Leave to amend under Rule 15(a) "shall be freely given when justice so requires." Id.; Keniston, 717 F.2d at 1300. "This policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003); Owens v. Kaiser Found. Health Plan, Inc.,

5

244 F.3d 708, 712 (9th Cir. 2001).  "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties."  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).  There is a presumption in favor of granting leave to amend under Rule 15(a).  Eminence Capital, 316 F.3d at 1052.  However, leave to amend need not be granted where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile.  Amerisource Bergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006); Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999).  A court may also consider whether the plaintiff has previously amended the complaint or repeatedly failed to cure deficiencies in prior amendments.  Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004); Eminence Capital, 316 F.3d at 1052; Keniston, 717 F.2d at 1300.  Prejudice to the defendant is the most important factor, but amendment may be denied upon a sufficiently strong showing of the other factors.  See Eminence Capital, 316 F.3d at 1052; Keniston, 717 F.2d at 1300.  The burden of showing prejudice rests on the party opposing amendment.  DCD Progams, 833 F.2d at 187.

*Discussion*

There are five defendants in this case.  Three defendants have answered, and two defendants, including Naimark, have not.  Although Naimark has filed a motion to dismiss and opposes the addition of a retaliation claim against him, his opposition is unavailing.[6]  Ramirez rightly points out that Naimark has not filed a responsive pleading, see Crum, 231 F.3d at 1130 n.3, thus, Ramirez may amend his complaint as to Naimark (and Ashley) as a matter of course and without this Court's permission.  See Fed. R. Civ. Pro. 15(a); Williams, 477 F.3d at 1291.  In fact, as to Naimark, Ramirez's motion to amend is an "unnecessary request."  See Sparling, 864 F.2d at 638.  That any amended complaint made as a matter of course as to Naimark may add or subtract claims in comparison to the original complaint is of no consequence.  Cf. DCD Programs, 833 F.2d at 186.  This Court does not have the discretion to prohibit Ramirez from amending his complaint as a matter of course as to Naimark, and in fact is obliged to grant this unnecessary request.  Sparling, 864 F.2d at 638; Stewart, 790 F.2d at 631.  Thus, Ramirez may

---

[6]The Court notes that Naimark does not argue that he cannot be individually liable for retaliation.

6

1 amend his complaint as a matter of course as to Naimark and Ashley.[7] See Williams, 477 F.3d at
2 1291; Sparling, 864 F.2d at 638; Stewart, 790 F.2d at 631; Barksdale, 699 F.2d at 747; Zaidi, 732
3 F.2d at 1220.

4       With respect to the new proposed causes of action against Silgan, Silgan has filed an
5 answer to the complaint.  Since Silgan has not stipulated to the amendments, leave to amend
6 from the Court is required.  See Fed. R. Civ. Pro. 15(a).  Ramirez seeks to add mostly state law
7 causes of action against Silgan, with the exception of an FMLA retaliation claim.  Considering
8 the factors that the Court must review:  there have been no other amendments, there would be no
9 undue delay because this case is in its early stages and there has been no scheduling order issued,
10 and no evidence of bad faith by Ramirez in attempting to add these claims is apparent.  The
11 Court believes that futility is the most relevant inquiry at this stage.  If the proposed amendments
12 would not be futile, then the Court sees no prejudice to Silgan.

13       "Under the FEHA, the employee must exhaust the administrative remedy provided by the
14 statute by filing a complaint with the [DFEH] and must obtain from the [DFEH] a notice of right
15 to sue in order to be entitled to file a civil action in court based on violations of the FEHA."
16 Romano v. Rockwell Internat., 14 Cal.4th 479, 492 (1996).  In order to exhaust administrative
17 remedies as to a particular act made unlawful by FEHA, the plaintiff must specify that particular
18 act in the administrative complaint, even if the administrative complaint specifies other
19 cognizable wrongful acts.  Garcia v. Los Banos Unified Sch. Dist., 418 F.Supp.2d 1194, 1214-15
20 (E.D. Cal. 2006); Okoli v. Lockheed Technical Operations Co., 36 Cal.App.4th 1607, 1613
21 (1995); Martin v. Lockheed Missiles & Space Co., 29 Cal.App.4th 1718, 1724 (1994); Yurick v.
22 Superior Court, 209 Cal.App.3d 1116, 1121-23 (1989).  The policies underlying the

---

[7] Naimark appears to argue in a minimalistic way that allowing Ramirez to file the proposed amended complaint will add claims barred by the appropriate limitations periods.  However, as long as the new claims against Naimark arise out of "the conduct, transaction, or occurrence set forth or attempted to be set forth in the original [complaint]," the amended complaint will relate back to the date of the original complaint. Fed. R. Civ. Pro. 15(c); Kern Oil & Ref. Co. v. Tenneco Oil Co., 840 F.2d 730, 736 (9th Cir. 1988).  It is irrelevant whether the new claims are based on a different legal theories, so long as the factual basis upon which the new theories rest was found in the original complaint.  See Bularz v. Prudential Ins. Co., 93 F.3d 372, 379 (7th Cir. 1996); Kern Oil, 840 F.2d at 736; 6 Wright & Miller, Federal Practice and Procedure § 1497 at pp. 94-99 (1990).  Since the retaliation claim appears to be based on Ramirez's termination, the key occurrence identified in the original complaint, at this point, it appears that the proposed amended complaint would relate back to the filing of the original complaint.  See Fed. R. Civ. Pro. 15(c)(2); Bularz, 93 F.3d at 379; Kern Oil, 840 F.2d at 736.

administrative exhaustion requirement are to resolve disputes and eliminate unlawful employment practices by conciliation; the purpose of the administrative charge is to trigger the investigatory and conciliatory procedures of the DFEH. Garcia, 418 F.Supp.2d at 1215; Okoli, 36 Cal.App.4th at 1615; Yurick, 209 Cal.App.3d at 1123. "The scope of the written charge defines the permissible scope of the subsequent civil action." Salach v. Level (3) Communs., Inc., 2004 U.S. Dist. LEXIS 20153, *16 (N.D. Cal. 2004) (citing Yurick, 209 Cal.App.3d at 1121-23). However, claimants are not required to specify the charges with "literary exactitude" and the absence of a "perfect fit" between an administrative claim and a civil complaint is not necessarily fatal. See Soldinger v. Northwest Airlines, 51 Cal.App.4th 345, 381 (1996); Yurick, 209 Cal.App.3d at 1121. A civil complaint filed in court can include the precise unlawful practices identified in the administrative complaint and can also contain claims that are like or reasonably related to those identified in the administrative complaint and that would necessarily be uncovered in the course of a DFEH investigation. Garcia, 418 F.Supp.2d at 1215; Salach, 2004 U.S. Dist. LEXIS 20153 at *18; Soldinger, 51 Cal.App.4th at 381; Okali, 36 Cal.App.4th at 1614-18. The failure to exhaust administrative remedies is fatal to a plaintiff's FEHA cause of action. See Garcia, 418 F.Supp.2d at 1215; Romano., 14 Cal.4th at 492; Okoli, 39 Cal.App.4th at 1613; Martin, 29 Cal.App.4th at 1724.

With respect to the retaliation claim, the proposed complaint indicates that all defendants had practices and policies of not permitting the assertion of "FEHA/FMLA"[8] rights and of retaliating against anyone who would assert such rights, including an unwritten practice to punish employees. See Proposed Complaint at ¶ 59-60. The proposed complaint states that defendants invoked their practices and policies in order to coerce employees not to exercise "FEHA/FMLA" rights. Id. at ¶ 62. Ramirez then alleges that he engaged in protected activity/attempted to exercise his rights and that he "was terminated from his employment with the intent of . . . depriving him and retaliating against [him] regarding his right to engage in protected activity . . . ." Id. at 63-64. Ramirez's DFEH charges indicate that he was fired because of his disability and his medical leave and request for FMLA. See Complaint Exhibit A. The DFEH form lists

---

[8] This is the Court's shorthand for various rights listed by Ramirez at ¶ 59 of the proposed complaint.

8

various items to mark.  See id.  Under the "I was" section, there is no box to mark for "retaliation" or "retaliated against."⁹  Id.  That the word "retaliate," or some form thereof, was not written by Ramirez is not fatal.  By stating in the "because of my" section "medical leave and *request* for FMLA," it is easily inferred that Ramirez was indicating that he was fired in part because he asked for medical and FMLA leave.  That is, Silgan retaliated against Ramirez for seeking medical and FMLA leave by terminating his employment.  There is no question that an employer can retaliate against an employee by terminating employment.  See, e.g., Bitney v. Fred Meyer Jewelers, Inc., 2004 U.S. Dist. LEXIS 19283, *16-*17 (D. Or. 2004); Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1053-54 (2005).  Ramirez's retaliation claim is based on his August 2004, termination.  See Proposed Complaint at ¶ 64.  Therefore, Ramirez's retaliation claim is reasonably like and related to the conduct identified in the administrative charge, termination, and the retaliation claim would have been uncovered during the course of a DFEH investigation.  See Garcia, 418 F.Supp.2d at 1215; Soldinger, 51 Cal.App.4th at 381.  Contrary to Silgan's arguments, the retaliatory conduct is identified as termination, see Proposed Complaint at ¶ 64, and the retaliation claim fits within the scope of Ramirez's administrative complaint, even though the term "retaliate" is not expressly used.  Since futility or prejudice have not been sufficiently shown, leave to amend Ramirez's complaint to add the retaliation claim (the Fifth Cause of Action) will be permitted.

With respect to Ramirez's claims for failure to accommodate and failure to engage in the interactive process of reasonable accommodation in violation of FEHA, the Proposed Amended Complaint alleges in part that Ramirez developed back problems due to an automobile accident, that he took disability leave, that he would periodically submit notes from his physicians, and that he regularly expressed his intent to return to work at Silgan.  See Proposed Complaint at ¶¶ 18-23.  Ramirez then alleges that he was terminated in August 2004 and "was advised that his termination was due to his physical disabilities and failure to submit documentation establishing his continuing disability and that he had been terminated 'a while back.'  He asked to explain how this was so considering the expressed his desire to come back to work, provided the

---

⁹There is, however, a space marked "other(specify)" on which retaliation could be written.

requested information and informed the Defendants he was returning and was told he had to 'take it up with the union.'" Id. at ¶ 24.[10] Ramirez incorporates by reference all proceeding paragraphs and then alleges under his Third and Fourth Causes of Action that Silgan failed to allow or engage in the interactive process or permit requested accommodation of his disability or perceived disability and failed to reinstate him upon completion of treatment for his injuries/disabilities; these failures to allow reasonable accommodation and to engage in the interactive process both allegedly violate FEHA See id. at ¶¶ 51-55. These two additional claims essentially both stem from the occurrence identified in the original complaint, termination from employment. The Proposed Complaint indicates that Ramirez was surprised that he was fired and was questioning Silgan's decision because of his intent to continue to work and the notes he had provided from his doctor. See id. at ¶ 24. In light of his questioning/opposing his termination, see id. at ¶ 24, that Silgan continued to maintain the termination indicates a failure to accommodate and/or a failure to engage in an interactive process.[11] The Court is aware that Ramirez's DFEH charges only indicate that Ramirez was "fired" and the box for "denied accommodation" is not checked. See Complaint Exhibit A. However, DFEH charges are not read with "literary exactitude." Soldinger, 51 Cal.App.4th at 381. Assuming that the allegations in the proposed amended complaint are true, a DFEH investigation of a termination based on physical disability and medical leave and requested FMLA leave, see Complaint Exhibit A, would have uncovered the refusal to allow Ramirez to return to his job or refusal to accommodate Ramirez's disability despite his requests and expressed intent to return to his job. See Proposed Complaint at ¶¶ 24, 51-55. Accordingly, Ramirez's failure to accommodate and failure to engage in an interactive process causes of action are reasonably like and related to the

---

[10] Like the original complaint, the proposed complaint also attaches and incorporates Ramirez's DFEH charges filed on July 20, 2005, and the letters closing the cases dated July 29, 2005.

[11] Without citation, Silgan states that the denied accommodation or failure to engage in the interactive process occurred prior to August 2004 and that the proposed Third and Fourth Causes of Action would be untimely. Generally, no complaint for any violation of FEHA may be filed with the DFEH after the expiration of one year from the date upon which the alleged unlawful practice or refusal to cooperate occurred. Cal. Gov. Code § 12960; Romano, 14 Cal.4th at 492. As the Court reads the DFEH charges and the Proposed Complaint, the failure to accommodate occurred on or after August 1, 2004, cf. Proposed Complaint at ¶ 24 with Complaint Exhibit A, and the DFEH charge was filed on July 20, 2005. Thus, at this point, the Court does not see a statute of limitations issue.

conduct identified in the administrative charge (termination) and these additional claims would have been uncovered during the course of a DFEH investigation. See Garcia, 418 F.Supp.2d at 1215; Soldinger, 51 Cal.App.4th at 381.

That Ramirez has not specifically identified what accommodation was requested is not fatal. Federal Rule of Civil Procedure Rule 8 is a liberal standard that requires only notice pleading, that is, a defendant needs to be able to identify the claims against him and the bases thereof. See Fed. R. Civ. Pro. 8; Conley v. Gibson, 355 U.S. 41, 47 (1957); Sagana v. Tenorio, 384 F.3d 731, 736 (9th Cir. 2004); Fontana v. Haskin, 262 F.3d 871, 877 (9th Cir. 2001). . The proposed amended complaint indicates that, in violation of FEHA, Ramirez's back/spinal disability was not accommodated, no interactive process was engaged in, and instead Ramirez was terminated despite his requests and intent to return to his job. Further, the complaint suggests that, at some point, Ramirez's doctors indicated that he should be placed on lighter duty or involved in a job that required less heavy lifting. See Proposed Complaint at ¶ 18. Ramirez may add more detail regarding the failure to accommodate if he chooses, but the Court will not require it since Rule 8 standards have been met. See Fed. R. Civ. Pro. 8; Conley, 355 U.S. at 47; Sagana, 384 F.3d at 736; Fontana, 262 F.3d at 877.

Since futility or prejudice have not been sufficiently shown, leave to amend Ramirez's complaint to add the failure to accommodate and failure engage in the interactive process causes of action will be permitted.

## CONCLUSION

In response to Naimark's motion to dismiss, Ramirez has filed a motion for leave to amend his complaint. The proposed amended complaint adds three new causes of action against Silgan, drops the causes of action currently asserted against Naimark, and adds retaliation claims against Naimark and Ashley. Despite Naimark's opposition, Ramirez may amend the complaint against Naimark as a matter of course/right because Naimark has not answered. The Court is obliged to allow Ramirez to amend his complaint against Naimark, irrespective of the deletion of the current claims and addition of the new retaliation claims, which continue to be based on

1  Ramirez's termination.  With respect to the new causes of action against Silgan, these causes of
2  action are also based on Ramirez's termination.  Although the precise legal theory is not
3  necessarily stated in the DFEH charges, an investigation of Ramirez's termination because of his
4  physical disability and medical leave and requested FMLA leave would have uncovered the
5  alleged conduct that reflects retaliation, failure to accommodate, and failure to engage in the
6  interactive process.  At this point, the Court does not see sufficient prejudice, futility, delay, or
7  bad faith that would justify denial of the requested amendments.  Ramirez's motion to amend
8  will be granted.

9  With respect to Naimark's motion to dismiss, because the causes of action that Naimark
10 wishes to be dismissed are not part of Ramirez's proposed amended complaint, and leave to
11 amend the operative complaint has been granted, Naimark's motion to dismiss will be moot.
12 Further, among other reasons, since Naimark will remain a part of this case, the Court declines
13 his offer to issue an order to show cause regarding Rule 11 sanctions.[12]

15 Accordingly, IT IS HEREBY ORDERED that:
16 1. Plaintiff's motion for leave to amend is GRANTED;
17 2. Defendant Naimark's motion to dismiss is DENIED as moot;
18 3. Plaintiff is to file his amended complaint within ten (10) days of service of this order; and
19 4. If Plaintiff fails to timely file his amended complaint, Naimark is granted leave to refile
20    his motion to dismiss.

22 IT IS SO ORDERED.
23 **Dated:    April 25, 2007**                      **/s/ Anthony W. Ishii**
                                                    UNITED STATES DISTRICT JUDGE

---

[12]To the extent that Naimark's request for the Court to issue an order to show cause is a motion or request for the actual imposition of sanctions, Naimark has not followed the proper procedural requirements.  See Radcliffe v. Rainbow Const. Co., 254 F.3d 772 (9th Cir. 2001); Divane v. Krull Elec. Co., 200 F.3d 1020 (7th Cir. 1999).